**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jason Todd KINDLE, Defendant— Appellant.**

**No. 07–10162.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2008.[*]

Filed Sept. 16, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Ellman, Esq., Thomas S. Dougherty, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Benjamin C. Durham, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: O'SCANNLAIN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Jason Todd Kindle pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, he challenges the district court's denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

■ First, Kindle argues for suppression because he claims that his detention before his arrest was unconstitutionally prolonged. " '[M]ere police questioning does not constitute a seizure' unless it prolongs the detention of the individual, and, thus, no reasonable suspicion is required to justify questioning that does not

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and the procedural history underlying the appeal, we mention them only insofar as necessary to explain our decision.

prolong the stop." *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007) (quoting *Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005)). Kindle was arrested after the officer received the results of a records check he requested about two minutes into the traffic stop. The officer arrested Kindle because, in violation of Nevada Revised Statutes § 179C.110, his registered address did not match the address he had earlier given in response to the officer's inquiry about his current place of residence. The officer posed this question while awaiting the results of the records check. The question asked by the officer which led to Kindle's arrest did not prolong the stop in any significant way. We hold that the duration of the detention was constitutionally permissive.

■ To the extent that Kindle argues for suppression because his arrest may have resulted from answering the officer's question regarding current residence while in handcuffs, we reject that argument. *See United States v. Henley*, 984 F.2d 1040, 1042 (9th Cir.1993) ("[A]sking the defendant his name, birthdate, address and the like ordinarily does not amount to interrogation; police officers typically have no reason to believe a suspect will incriminate himself by answering such questions."). The officer asked Kindle his current place of residence to complete a citation for Kindle's traffic violation. That question did not constitute an interrogation. We hold, therefore, that even if there was any Fourth Amendment violation that may have occurred when Kindle remained handcuffed while awaiting the results of the records check, this was not causally related to the discovery of the gun, and cannot warrant suppression of the gun or Kindle's incriminating statements. *See United States v. Ankeny*, 502 F.3d 829, 837–38 (9th Cir.2007) ("The

principle that the exclusionary rule applies only when discovery of evidence results from a Fourth Amendment violation is well-established.").

■ Second, Kindle argues for suppression because he claims the inventory search conducted on his vehicle after his arrest was a subterfuge for a warrantless investigatory search. Inventories conducted "pursuant to standard police procedures are reasonable" under the Fourth Amendment. *South Dakota v. Opperman*, 428 U.S. 364, 372, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Kindle contends that the officer did not follow the standard procedures of the North Las Vegas Police Department ("NLVPD") when the officer refused to contact Kindle's girlfriend to ascertain whether she was reasonably available to pick up the car from the scene of the traffic stop before deciding to impound the car. It is the policy of the NLVPD to conduct inventories of vehicles before either impounding them for safekeeping or releasing them to relatives or friends of the arrested owner. Therefore, even if the arresting officer had acquiesced in Kindle's request and released the vehicle to Kindle's girlfriend, there would have been an inventory taken, and the gun still would have been discovered inevitably through an inventory. *See Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) ("If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means ... then the deterrence rationale has so little basis that the evidence should be received.").

■ Kindle also argues for suppression because the arresting officer allegedly did not catalog all items in the car during the inventory search. There were substantial reasons to take an inventory, and the inventory taken listed much of what was

found in the car. Even though some items in the car were not included, under the totality of the circumstances of this case an incomplete inventory list does not establish that the inventory was subterfuge for an unconstitutional investigatory search. *See Whren v. United States,* 517 U.S. 806, 816, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (concluding that although adherence to procedures shows lack of pretext, deviation from procedures does not prove pretext).

**AFFIRMED.**